**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **DEIDRE BERRY, et al.,** | ) | **CASE NO.   1:05CV2913** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **THE AMERICAN RED CROSS** | ) | **OPINION AND ORDER** |
| **GREATER CLEVELAND CHAPTER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

    This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiffs,

Deidre Berry, et al., to Remand this action to the Cuyahoga County Court of Common Pleas.

For the reasons that follow, Plaintiffs' motion is overruled.

**I. FACTUAL BACKGROUND**

    This civil action was initially filed in the Cuyahoga County Court of Common Pleas

on November 7, 2005, as Case No. 05 CV-576700.  Plaintiffs claim that their employment

with The Greater Cleveland Chapter of The American Red Cross was wrongfully terminated.

Defendant filed a Notice of Removal on December 19, 2005, asserting that this court has

original jurisdiction over any case in which The American Red Cross or any of its units are parties. Plaintiffs argue that the Congressional Charter of The American Red Cross allows concurrent jurisdiction for it "to sue or be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 2 (1994).

## II. LAW AND ANALYSIS

The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F. 3d 940, 949 (6th Cir. 1994). The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal. *Her Majesty The Queen v. City of Detroit*, 874 F. 2d 332, 339 (6th Cir. 1989).

Despite the Plaintiffs' valid arguments against "forum-shopping", and in favor of the deference due a plaintiff's choice of forum, this Court is constrained to follow the rationale announced in *American National Red Cross v. S.G. and A.E.*, 505 U. S. 247 (1992). Acknowledging a conflict among the federal circuits as to whether 36 U.S.C. § 2 (now 36 U.S.C. § 300105) created federal subject matter jurisdiction in cases where The American National Red Cross or its member chapters were a party, the United States Supreme Court announced:

> The rule established in these cases makes it clear that the Red Cross Charter's "sue and be sued" provision should be read to confer jurisdiction. In expressly authorizing the organization to sue and be sued in federal courts, using language resulting in a "sue and be sued" provision in all relevant respects identical to one on which we based a holding of federal jurisdiction just five years before, the provision extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction.
> *S.G. and A.E.*, 505 U.S. at 257.

Plaintiffs citation to earlier case law and to opinions concerning procedural defects in the

notice of appeal is unpersuasive and unavailing.

### III. CONCLUSION

In light of the Supreme Court's holding in *S.G. and A.E.*, that The American National

Red Cross Charter's "sue and be sued" provision confers original federal-court jurisdiction,

the Plaintiffs' Motion to Remand is denied.

**IT IS SO ORDERED**.

**DATE:  __6/23/06_____**

s/Christopher A. Boyko_____
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)

-3-