IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEIDRE BERRY, | ) | Case No.: 1:05 CV 2913 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | STIPULATED PROTECTIVE |
| | ) | ORDER |
| THE AMERICAN RED CROSS, | ) | |
| GREATER CLEVELAND CHAPTER, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the parties to this action are engaged in discovery, including the production of documents, interrogatories, and testimony by oral deposition, which may entail disclosure of confidential or proprietary information, including but not limited to personal information of current and former employees;

WHEREAS, this Order will expedite and facilitate discovery in this action and provides reasonable and appropriate protection for such confidential information and materials without impeding the parties' inquiry into, and litigation of, the claims and defenses involved in this action; and

WHEREAS, the parties consent to the terms of this Order;

IT IS HEREBY ORDERED THAT:

(1)  This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

(2) Any party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by: 1) typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is desired, "CONFIDENTIAL"; or 2) specifying in writing at the time said documents are filed or produced which documents are to be treated as "CONFIDENTIAL" by reference to Bates numbers or other identifying numbers or designations which have been placed on the documents.

(3) All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated "CONFIDENTIAL" hereunder), shall not be used, directly or indirectly, by any person for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

(4) Except with the prior written consent of the individual or entity asserting "CONFIDENTIAL" treatment or pursuant to a Court Order after notice as provided in Paragraph 6, any document, transcript, or pleading given "CONFIDENTIAL" treatment under this Order, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated "CONFIDENTIAL" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court and:

    (a) Named parties to this litigation and managers of the Defendant who participate in policy decisions with reference to this action;

2

(b) Counsel of record for the respective parties to this litigation and clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;

(c) Individuals specially retained as consultants or expert witnesses in connection with the preparation for and trial of this litigation; and

(d) Actual or potential trial or deposition witnesses, to whom disclosure may be made only of (i) such confidential information as was previously transmitted by or to such individual witnesses; and (ii) other confidential information during the course of counsel's interviewing or examining said witnesses where counsel conducting such interview or examination believes, in good faith, that disclosure is necessary to develop the testimony of such witness.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from disclosing same to any other person except as herein provided, and are further enjoined from using same except in the preparation for trial and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such "CONFIDENTIAL" documents, information, or transcript shall disseminate or disclose them or their components to any person other than those described in this paragraph and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

(5) Any person to whom disclosure is made pursuant to Paragraphs 4(a), (c), or (d) of this Order shall be given a copy of this Order and shall acknowledge that he or she is fully subject to the terms of this Order by executing the recital at the end of this Order. Counsel for a party examining any witness shall have fulfilled its obligations under this Order upon

3

compliance with the notification procedures herein described. Counsel for each party shall maintain copies of executed recitals with respect to all persons described in Paragraph 4(a), (c), or (d) to whom such counsel has disclosed or exhibited any documents or information subject to this Order and such copies shall be made available for inspection by counsel for other parties upon Order of this Court.

(6) Any party may at any time object to the designation of any information as "CONFIDENTIAL." Should the producing party and the objecting party be unable to resolve informally such objection, the objecting party through counsel may submit such dispute to the Court for resolution within ten (10) days after providing written notice to the producing party that the parties are unable to resolve the question. Until the Court resolves the dispute, the disputed information shall be treated as confidential.

(7) Within sixty (60) days after the final termination of this litigation, if requested by the party who designated the materials "CONFIDENTIAL," all documents, transcripts or other materials afforded "CONFIDENTIAL" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished the same, or in the alternative, the party who designated the materials as "CONFIDENTIAL" shall be notified. in writing, that all "CONFIDENTIAL" documents have been destroyed.

(8) Nothing contained herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of documents, transcripts, and materials afforded "CONFIDENTIAL" treatment pursuant to this Order.

4

(9) Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information as "CONFIDENTIAL" consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "CONFIDENTIAL" information in the examination or cross-examination of witnesses, irrespective of which party produced such information.

(10) The inadvertent or unintentional production of documents containing, or other disclosure of, confidential or secret information without being designated as "CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information discussed or as to any other information relating thereto or on the same or related subject matter. The production of documents or other tangible things pursuant to a request for production by a party herein shall not be deemed a waiver of any right by the producing party to object to the admissibility of such document or thing on grounds of relevancy, materiality, privilege, or other valid ground of objection.

(11) This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court, upon motion and notice.

SO ORDERED, this 7th day of MAR 2007.

*Christopher A. Boyko*
The Honorable Christopher A. Boyko
Judge, Federal District Court
Northern District of Ohio

FILED
MAR 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

- 5 -

CONSENTED TO:

_____
Douglas P. Whipple, Esq. (0025754)
Seeley, Savidge & Ebert Co. LPA
600 Superior Ave., East
Suite 800
Cleveland, OH 44114
Attorney for Plaintiffs

_____
Jeffrey J. Weber, Esq., (0062235)
Nicole J. Quathamer, Esq. (0070893)
Scott B. Lepene, Esq. (0076763)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483
(216) 443-9000/ fax (216) 443-9011
jweber@porterwright.com
nquathamer@porterwright.com
slepene@porterwright.com
Attorneys for Defendant The American Red Cross, Greater Cleveland Chapter

## RECITAL AND ACKNOWLEDGEMENT

I hereby acknowledge and affirm that I have received a copy of the foregoing Order, that I have read the same and that I am bound by the terms and provisions thereof, this ___ day of _____, 2007.