UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEIRDRE BERRY, et al.,** | ) | CASE NO. 1:05CV2913 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **THE AMERICAN RED CROSS,** | ) | |
| **GREATER CLEVELAND CHAPTER,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #71) of Defendant, The American Red Cross, Greater Cleveland Chapter, in Limine to Preclude Other Acts Evidence and the Motion (ECF DKT #74) of Defendant, The American Red Cross, Greater Cleveland Chapter, in Limine to Preclude Plaintiffs from Offering Lisa Trudick's Personal Log. For the following reasons, both motions in limine are granted.

### LAW AND ANALYSIS

**Motions in Limine**

"Motions in Limine are generally used to ensure evenhanded and expeditious

management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F. 3d 436, 440 (7th Cir. 1997)). A "motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St. 3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App. 3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States*, 469 U.S. 38, 41 (1984).

**Motion to Preclude Other Acts Evidence**

Defendant seeks an order excluding evidence of prior racially offensive remarks of former Chapter employee, Kathleen Marsh, and an anonymous 2001 complaint of race and possibly gender discrimination directed against Marsh. In her affidavit, Plaintiff, Lisa Trudick, states at paragraph 32: "My perception was reinforced in 2001 when Lisa Price and Etrenda Wiley complained to HR about racially insensitive remarks that Kathleen Marsh had made." The anonymous complaint recites: "We plan to call in the EEOC and NAACP. About her sexual remarks and explicit language if you administrators don't move fast."

Fed R. Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed. R. Evid. 402 provides that evidence that "is not relevant is not admissible."

The alleged racially insensitive remarks, attributed to Kathleen Marsh, are irrelevant since none of the Plaintiffs assert race discrimination claims.  Further, Plaintiffs did not make the statements, nor are they authenticated by the original declarants.  Defendant correctly contends any probative value would surely be outweighed by the substantial prejudice it would suffer from their introduction.  The statements would not advance the proof of Plaintiffs' claims; rather, they would engender improper negative feelings on the part of the jury against the Chapter.

Plaintiffs insist the 2001 anonymous letter bears on the issue of the Chapter's discriminatory intent and helps to establish a pattern of retaliatory behavior.  In light of this Court's ruling on summary judgment, there is no retaliation claim.  The only surviving claims are pregnancy discrimination and breach of contract on behalf of Plaintiffs Foertch and Trudick.  Therefore, the anonymous complaint made to the Human Resources Director regarding Marsh's behavior is irrelevant, and is not admissible in Plaintiffs' case-in-chief.

**Motion to Preclude Lisa Trudick's Personal Log**

In her deposition, Trudick states she and other Chapter employees were required to keep a daily log of meetings, incoming and outgoing calls, etc.  Trudick has not produced the original daily log.  At page 3 of Plaintiffs' Opposition Brief (ECF DKT #81), counsel represents: "The personal log which Defendant seeks to exclude was merely a compilation of entries in this log which Defendant required its employees to maintain in the course and scope of their day-to-day duties."  Such evidence is hearsay, unless it falls under one of the exceptions set forth in the evidence rules.

Plaintiff Trudick argues her personal log is admissible as a recorded recollection under

Fed. R. Evid. 803(5). However, even under the authorities cited in Plaintiffs' brief (which are out of Missouri and Oregon and, consequently not binding on this Court), the exception does not apply because the record was admittedly not prepared contemporaneously with the events. As for the exception in Fed. R. Evid. 803(6) for records of regularly conducted activity, Plaintiffs' argument is equally unavailing. Again, Plaintiffs reference no Sixth Circuit case law; and fail to demonstrate that Trudick's log, prepared for her counsel's use, is a business record systematically checked and continually maintained as part of her regular practice.

## CONCLUSION

For all the foregoing reasons, Defendant's Motions in Limine to preclude other acts evidence as well as Lisa Trudick's personal log are granted. As previously ordered, this matter will proceed with mediation on the remaining claims of pregnancy discrimination and breach of contract on behalf of Lisa Trudick and Bridget Foertch. The Court notes there is no hostile work environment claim pending. If mediation is unsuccessful, Final Pre-trial is scheduled for May 1, 2008 at 2:00 p.m., and Trial is scheduled for May 19, 2008 at 9:00 a.m.

**IT IS SO ORDERED.**

**DATE: February 5, 2008**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**