UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEIRDRE BERRY, et al., | ) | CASE NO. 1:05CV2913 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | SUPPLEMENTAL ORDER |
| | ) | |
| THE AMERICAN RED CROSS, | ) | |
| GREATER CLEVELAND CHAPTER, | ) | |
| | ) | |
| Defendant. | ) | |

CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #93) for Order

Clarifying the Court's Opinion and Order Dated January 30, 2008. Although this Court does

not concede its prior Order requires clarification, the Court grants the Motion and enters the

following supplementation.

I. BACKGROUND

In their First Amended Complaint, all four Plaintiffs, Deirdre Berry, Kathleen Dugan,

Bridget Foertch, and Lisa Trudick, asserted a breach of contract claim for unpaid

commissions. Defendant, The American Red Cross, Greater Cleveland Chapter, moved for

summary judgment in its favor on the unpaid commissions claim, as well as the other claims in the First Amended Complaint. In its Opinion and Order, the Court noted that "Plaintiffs bear the burden of proof and cannot ask the trier of fact to speculate as to entitlement to compensation or the amount allegedly owed." (ECF DKT #84). The Court identified the specific commission disputes of Trudick and Foertch; and found that issues of fact remain which required denial of summary judgment as to Trudick's and Foertch's claims.

## II. LAW AND ANALYSIS

The deposition transcripts, cited by Defendant, reveal Berry cannot remember, or is unaware of, any commissions earned for which she was not paid (Berry Deposition Transcript at 107); and Dugan cannot point to any specific account or commission for which she was not compensated (Dugan Deposition Transcript at 81-87). In their Motion for Clarification, Plaintiffs reference affidavits they submitted in support of their unpaid commissions claim. Those Affidavits do not identify employees by name; rather refer to "account managers" or "Department employees" in general terms. Moreover, there are no specific dates or accounts listed. Instead, the terms used are "sometimes" or "often" or "account managers might receive their commissions months later or not at all." (ECF DKT #43 & #44).

As this Court previously determined in its analysis of a motion for summary judgment pursuant to Fed. R. Civ. P. 56: "Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim." *Celotex Corp. v. Catrett*, 477 U.S. 317 at 324 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339 at 1347 (6th Cir. 1994). Only Plaintiffs Trudick and Foertch referenced discrete, specific instances of disputed unpaid commissions,

-2-

and therefore, created a genuine issue of fact for the jury. Plaintiffs Berry and Dugan fall woefully short of proffering the requisite significant probative evidence.

### III. CONCLUSION

In sum, this Court reaffirms its previous Opinion and Order in its entirety, and specifically reiterates that Defendant's Motion for Summary Judgment is granted with regard to the breach of contract (unpaid commissions) claims of Plaintiffs, Deirdre Berry and Kathleen Dugan, and denied as to those same claims of Plaintiffs, Bridget Foertch and Lisa Trudick.

**IT IS SO ORDERED.**

DATE: 2/29/08

CHRISTOPHER A. BOYKO
United States District Judge

FILED

FEB 29 2008

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND